William P. HEMPHILL, Appellant,

v.

Elbert JUNIOUS et al., Appellees.

No. 14207.

Court of Civil Appeals of Texas.

Houston.

Nov. 14, 1963.

Bernard & Bernard and D. R. Bernard, Houston, for appellant.

G. F. Steger, Columbus, for appellees.

COLEMAN, Justice.

This is a suit for damages and to cancel an instrument in the form of a power of attorney. On motion of the defendant, William P. Hemphill, the case was withdrawn from the jury for the reason that no material issues of fact were raised by the evidence. However, the court proceeded to render judgment for the plaintiff, Elbert Junious. The defendant, Hemphill, appeals. Aetna Life Insurance Company, a named defendant, filed a bill of interpleader and tendered into court funds held by them and were discharged with their attorney's fee. No complaint is made of this action and Aetna is not a party to this appeal.

This controversy arose over the right to collect the sum of $750.00 from Aetna Life Insurance Company out of the proceeds of a policy of life insurance issued by that company on the life of Lester Junious. The policy named Elbert Junious, the father of Lester Junious, beneficiary. After the death of Lester Junious, his wife arranged with William P. Hemphill to conduct the funeral. After the funeral Elbert Junious executed an instrument, which, reciting that he was beneficiary of a certain policy of life insurance, provided:

> "I, Elbert Junious * * * do hereby make, constitute and appoint Hemphill Funeral Home, of the City of Houston, Texas my true and lawful attorney in fact for me and in my name, place and stead to collect $750.00 from the above named insurance * * due me under the above numbered policy. * * *"

The parties stipulated that Hemphill attempted to collect $750.00 out of the proceeds of the insurance policy by presenting the power of attorney and that as a result of this action the insurance company withheld that sum from the proceeds of the policy paid to Elbert Junious.

After appellant secured the signature of Elbert Junious to the power of attorney, he caused to be inserted the name of Virginia Junious, the wife of the deceased, as a comaker of the power of attorney, and procured her signature thereto and arranged for her to swear to the instrument. The instrument as presented to the insurance company then appeared to have been executed as a joint power of attorney by both the father and the wife of the deceased and to have been sworn to by both of the grantors. These changes in the instrument were made without the knowledge or prior consent of Elbert Junious.

Appellant makes no complaint of the action of the trial court in withdrawing the case from the jury, but contends that the power of attorney constituted a valid assignment and that the trial court erred in failing to render a judgment in his favor.

It is clear that the instrument appears on its face to be a simple power of attorney. Appellant's original answer, upon which he went to trial, consists of a general denial and a prayer that plaintiff take nothing and for general relief. In his judgment the trial court decreed the "purported assignment or power of attorney" void and of no force and effect. The answer, if any, filed by appellant to the bill of interpleader was not brought forward to this Court.

■■ It appears, therefore, that appellant's only claim to the insurance proceeds rests on the power of attorney which merely authorizes him to collect a portion of the proceeds of the insurance policy for Elbert Junious. While the instrument authorizes him to act as an agent, it gives him no right to the money as against his principal and conveyed to him no ownership in the policy. The power of attorney, unless it was coupled with an interest, was revocable at will. Allison v. Smith, Tex.Civ.App., 278 S.W.2d 940.

"To be an agency coupled with an interest the agent must have a present interest in the property upon which the power is to operate. It does not suffice that the agent have an interest in the proceeds to be derived from the sale of the property.

There must be a beneficial interest in the thing itself." Wall v. Ayrshire Corporation, Tex.Civ.App., 352 S.W.2d 496.

 If appellee had not exercised his power to revoke the power of attorney sooner, he did revoke it by filing this suit. The trial court did not err in holding that the power of attorney was void. We are not persuaded that a valid assignment of the fund by Elbert Junious to appellant is established by the undisputed evidence.

The judgment of the trial court is affirmed.